UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH NEWTON, | ) | |
| No. 00511886, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:18-cv-00431 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| SHAWN PHILLIPS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M

Joseph Newton, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction and sentence for two counts of rape for which the petitioner is serving eight years of imprisonment in the Tennessee Department of Correction. (Docket No. 1 at 1).

## I. Introduction

According to the petition, on September 12, 2012, a Davidson County, Tennessee jury convicted the petitioner of two counts of rape. (*Id.*) The trial court sentenced the petitioner to a term of eight years' imprisonment at 100%. (*Id.*) The petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on April 2, 2015. (*Id.* at 2). The Supreme Court of Tennessee denied the petitioner's application for discretionary review on July 17, 2015. (*Id.*) The petitioner did not seek a petition for writ of certiorari from the United States Supreme Court. (*Id.* at 3).

The petitioner did not seek post-conviction relief. (*Id.*) The petitioner filed his federal habeas corpus petition on May 1, 2018.[1] (Docket No. 1 at 16).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999),

---

[1]Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the court finds that the petitioner filed his petition on May 1, 2018, the date he signed the petition (Docket No. 1 at 16), even though the Clerk of Court received and docketed the petition on May 7, 2017. Throughout this Memorandum, all dates as they pertain to the federal filings of the petitioner will reflect the court's application of the prison mailbox rule.

*aff'd*, 531 U.S. 4 (2000).  When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

## III.     Rule 4 Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals a potential deficiency with the petitioner's § 2254 petition:  untimeliness.

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was July 17, 2015.  The petitioner apparently did not seek state post-conviction relief; thus, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review."  Thus, the petitioner had until July 18, 2016, to file his petition for habeas corpus relief.

The petitioner filed his federal habeas petition on May 1, 2018.  (Docket No. 1 at 16).  From the record before the court, it appears  that  the petitioner filed his petition for relief under § 2254 652 days beyond the AEDPA's one-year limitations period.  In other words, the petition is untimely by almost two years.

The Court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal habeas corpus relief.  *See Day v. McDounough*, 547 U.S. 198, 209 (2006).  Taking into consideration the petitioner's pro se status, the court will grant the petitioner 28 days to show cause why his petition should not be dismissed as time-barred.

## IV. Conclusion

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely filed. However, the petitioner will be given 28 days to show cause why his petition should not be dismissed as untimely filed.

An appropriate order will be entered.

ENTER this 24th day of July 2018.

Aleta A. Trauger
United States District Judge